```
UNITED STATES DISTRICT COURT                                    C/M
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------- X
                                                      :
JACOB FETMAN,                                         :
                              Plaintiff,[1]           :   **MEMORANDUM**
                                                      :   **DECISION AND ORDER**
              - against -                             :
                                                      :   15 Civ. 5510 (BMC)(LB)
YOEL LIPSETT,                                         :
                              Defendant.              :
                                                      :
----------------------------------------------------- X
```

**COGAN**, District Judge.

Plaintiff Jacob Fetman, proceeding *pro se*, filed the instant action and alleges that federal subject matter jurisdiction is predicated upon the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). For the reasons discussed below, the complaint is dismissed for failure to state a claim upon which relief may be granted.

## BACKGROUND

For a brief discussion of the underlying facts and procedural history of the arbitration action that plaintiff references in this action, the Court refers to the Memorandum Decision and Order dated September 29, 2015 in Fetman v. Lipnitsky et al., 15 CV 5543 [ECF. No. 6]. In the instant complaint, plaintiff alleges that defendant, a certified therapist, who was providing marriage counseling to plaintiff and his wife, disclosed confidential information to an arbitrator.

---

[1] This is the fifth lawsuit that plaintiff has filed. See Fetman v. Markowitz, 15 CV 5541 (filed Sept. 24, 2015); Fetman v. Lipnitsky et al., 15 CV 5543 (filed Sept. 24, 2015); Fetman v. Aish Hatorah International, 15 CV 5322 (filed Sept. 11, 2015); Fetman v. Project Inspire, Inc., 15 CV 5320 (filed Sept. 11, 2015).

1

Plaintiff avers that as a result of the disclosure of the alleged confidential information, in part, an arbitration award was entered against him. Plaintiff seeks monetary damages.

## DISCUSSION

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy"; or (2) "the claim is 'based on an indisputably meritless legal theory.'" Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted). Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007) (citing Shakur v. Selsky, 391 F.3d 106, 112 (2d Cir. 2004)).

Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it raising the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir. 2008).

Plaintiff asserts that defendant violated his rights under HIPAA. However, HIPAA does not create an express or implied private right of action and enforcement of the statute and its enforcement can only be by the Secretary of Health and Human Services. Dodd v. Jones, 623 F.3d 563, 569 (8th Cir. 2010); Wilkerson v. Shinseki, 606 F.3d 1256 (10th Cir. 2010); Acara v. Banks, 470 F.3d 569 (5th Cir. 2006); Warren Pearl Construction Corp. v. Guardian Life Ins. Co. of America, 639 F. Supp. 2d 371, 376-77 (S.D.N.Y. 2009); Ames v. Group Health Inc., 553 F.Supp.2d 187, 192 (E.D.N.Y. 2008); Rzayeva v. U.S., 492 F.2d 60, 83 (D. Conn. 2007).

The Court has considered whether to allow amendment. However, there is no federal law that provides relief for the actions that plaintiff alleges and thus leave to amend would be futile.

## CONCLUSION

Plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

**Digitally signed by Brian M. Cogan**
U.S.D.J.

Dated: Brooklyn, New York
October 1, 2015